In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00311-CR
_____

EX PARTE QUYEN TRUNG LY

_____

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A-030334-AR
_____

OPINION

In this appeal, we are asked to retroactively apply the 2010 ruling of the United States Supreme Court in *Padilla v. Kentucky* to the appellant's guilty plea hearing, which occurred in 2004. 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In two issues, Quyen Trung Ly contends that his guilty plea was involuntary because he was not effectively counseled about the effect of his plea on his immigration status.

In 2003, Quyen Trung Ly was charged in two counts with possessing controlled substances. In 2004, after being admonished that a plea of guilty could

1

result in his deportation, Ly pled guilty to having possessed methamphetamine. The trial court deferred adjudication of guilt and placed Ly on community supervision.[1] Subsequently, Ly successfully completed and was discharged from community supervision.

Generally, an alien who is convicted of violating a drug law "is deportable." 8 U.S.C.A. § 1227(a)(2)(B)(i) (West 2005 & Supp. 2010) (providing that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . ., other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable"). Under *Padilla*, "when the deportation consequence is truly clear," counsel has a duty to give correct advice. *Padilla*, 130 S.Ct. at 1483.

In 2012, in a collateral attack on his 2004 conviction and relying on Padilla, Ly filed an application for a writ of habeas corpus. In his application, Ly sought to establish that his counsel failed to advise him of the consequences of his guilty plea, making his plea involuntary, and that he was prejudiced by his attorney's

---

[1]Under federal law, for immigration purposes, a defendant who is placed on deferred adjudication is still treated as having been convicted of the offense. *See* 8 U.S.C.A. § 1101(a)(48)(A) (West 2005) (defining the term "'conviction'" for immigration purposes to include cases where the adjudication and the sentence is not imposed).

incorrect advice. *See* Tex. Code Crim. Proc. Ann. art. 11.072 § 1 (West 2005) (establishing procedures for an application for a writ of habeas corpus for cases that concern orders imposing community supervision). Ly alleges in his application that he "would not have entered a plea to deferred adjudication to possession of a controlled substance had he realized that it was a deportable offense." Ly's application also asserts that had he known that a guilty plea "would result in automatic eligibility for removal, he would not have entered a plea of guilty." Ly filed an affidavit to support his allegation that he was never accurately advised concerning the consequences of his plea on his immigration status.

After the parties filed their briefs, the Supreme Court of the United States held that the rule announced in *Padilla* is a "new rule" of criminal procedure that does not apply retroactively. *Chaidez v. United States*, 133 S.Ct. 1103, 1107-08, 185 L.Ed.2d 149 (2013) (citing *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). In *Chaidez*, the Supreme Court concluded that "a person whose conviction is already final may not benefit from the decision [in *Padilla*,] in a habeas or similar proceeding." *Id.* at 1107. Recently, the Texas Court of Criminal Appeals held that *Padilla* does not apply retroactively as a matter of state habeas law. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

3

In a supplemental brief, appellant contends that the reasoning of the Court of Criminal Appeals in *De Los Reyes* "is faulty[.]" As an intermediate appellate court, we are bound by the decisions of the Texas Court of Criminal Appeals in criminal cases. *See Purchase v. State*, 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Ly's claim for habeas relief depends upon the retroactive application of *Padilla*. His conviction became final in 2004 when the trial court accepted his guilty plea, deferred adjudication of his guilt, and placed him on community supervision. *See State v. Guerrero*, No. PD-1258-12, 2013 WL 2419595, at *6 (Tex. Crim. App. June 5, 2013). In Ly's case, based on the law as it existed when he pled guilty, effective assistance of counsel did not include the requirement that his attorney advise him that he would become deportable if he chose to plead guilty to possessing methamphetamine. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Based on the date Ly was convicted on the conviction at issue, *Padilla* does not apply. *See Chaidez*, 133 S.Ct. at 1106-07. Under the precedents that apply to Ly's case, we are required to overrule both of his issues. We affirm the trial court's order denying Ly's application for writ of habeas corpus.

AFFIRMED.

                                                    _____
                                                    HOLLIS HORTON
                                                    Justice


Submitted on July 15, 2013
Opinion Delivered August 14, 2013
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.