Hervey, J., delivered the opinion of a unanimous Court.
The issue in this case is whether Samuel Osvaldo Garcia's claim that he is entitled to relief because his attorney gave him affirmative misadvice regarding his possible deportation is cognizable or whether it is barred as a non-retroactive Padilla claim. The court of appeals held that the claim is cognizable as an affirmative misadvice claim, and we agree. Consequently, we affirm the judgment of the court of appeals.
BACKGROUND
In 2002, Garcia was charged with possession of cocaine of at least four grams but less than 200 grams of cocaine with intent to deliver, a first-degree felony. The State offered Garcia a plea bargain of 10 years' confinement probated for 10 years and a $500 fine. Garcia asked his attorney whether there would be adverse immigration consequences if he took the plea offer *229 because he was a lawful permanent resident, and counsel responded that he "would probably be okay" and that "the charge would probably not result in deportation." Garcia pled guilty and was sentenced to ten years' imprisonment. His sentence of confinement was suspended, and he was placed on community supervision for ten years and assessed a $500 fine. He was eventually deported before returning to the United States and filing an application for a writ of habeas corpus.
In his application, Garcia argued that he was entitled to a new trial on his drug-trafficking charges because his trial counsel ineffectively advised him that, if he pled guilty, he probably would not be deported. Garcia asserted that, had trial counsel not affirmatively misstated the law to him, he would have pled not guilty and would have insisted on going to trial. The habeas court granted relief, and the State appealed. The court of appeals affirmed the judgment of the habeas court. Ex parte Osvaldo , 534 S.W.3d 607 (Tex. App.-Corpus Christi 2017).[1]
The State Prosecuting Attorney (SPA) filed a petition for discretionary review asking us to review the decision of the court of appeals. We granted only its first ground for review, which asks whether "a claim that counsel misadvised a defendant about the deportation consequences associated with a guilty plea [is] cognizable on habeas despite Ex parte De Los Reyes ' holding that Padilla does not apply retroactively on habeas?" Because we agree with the court of appeals that Garcia's claim is a cognizable affirmative-misadvice claim, and not a claim based on Padilla , we affirm the judgment of the court of appeals.
DISCUSSION
a. Padilla & Ex parte De Los Reyes
Padilla was a native Honduran who was a lawful permanent resident. He was federally indicted for trafficking a large quantity of marijuana in his tractor-trailer while driving in Kentucky. Padilla v. Kentucky , 559 U.S. 356, 359, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). He pled guilty after his attorney advised him that he "did not have to worry about immigration status since he had been in the country so long." Id. However, under federal law it was clear that if Padilla pled guilty, he would be deported. The issue the Supreme Court had to resolve was whether Padilla's counsel was deficient because he had a duty to advise Padilla that he would be deported if he pled guilty to the charge. Id.
The Court held that defense attorneys do have such a duty. According to the Court, if immigration law regarding deportation is "not succinct and straightforward," defense attorneys must merely advise their clients that they could be deported, but when the law is "truly clear" that the defendant would be deported if convicted, defense attorneys have a duty to "give correct advice [that] is equally clear." Id. at 369, 130 S.Ct. 1473. In Ex parte De Los Reyes , 392 S.W.3d 675, 679 (Tex. Crim. App. 2013), this Court decided that the duty announced in Padilla is not retroactive. Thus, if Garcia's claim is a Padilla claim, it is not cognizable because the new rule announced in Padilla is not retroactive. Id.
b. Analysis
In a thorough and well-reasoned opinion, the court of appeals exhaustively reviewed state and federal jurisprudence before concluding *230 that Garcia's claim is cognizable. Osvaldo , 534 S.W.3d at 618-21. We will not rehash its entire decision here. It suffices to say that the court of appeals ultimately held that the crucial distinction between Padilla and Garcia's claim boiled down to this: Padilla imposed an affirmative duty to advise a client that he would be deported in certain cases, but Garcia's claim is not that his attorney had an affirmative duty to advise him (like Padilla ); rather, he is arguing that when his attorney rendered immigration advice, which he was under no obligation to render, he had a duty to state the law correctly. His claim is more akin to bad-probation advice claims and bad parole-eligibility claims, which we have entertained for a number of years. State v. Recer , 815 S.W.2d 730, 731 (Tex. Crim. App. 1991) (bad probation advice); Ex parte Moussazadeh , 361 S.W.3d 684 (Tex. Crim. App. 2012) (bad parole-eligibility advice). We see no reason for this Court to treat Garcia's claim regarding deportation consequences different than other similarly situated ineffective-assistance-of-counsel claims. Lee v. United States , --- U.S. ----, 137 S.Ct. 1958, 198 L.Ed.2d 476 (2017) (granting relief on an involuntary plea claim based on attorney's affirmative misadvice that the defendant would not be deported if he pled guilty); see Padilla , 559 U.S. at 375, 130 S.Ct. 1473 (Alito, J., concurring) ("[A] criminal defense attorney fails to provide effective assistance with the meaning of Strickland ..., if the attorney misleads a noncitizen client regarding the removal consequences of a conviction.").
CONCLUSION
The only issue we address in this case is whether Garcia's claim is cognizable as an affirmative-misadvice claim or whether it is barred as a non-retroactive Padilla claim. We conclude that it is a cognizable affirmative-misadvice claim, which is distinct from Padilla . As a result, we affirm the judgment of the court of appeals.

Although the court of appeals correctly styled the case as Ex parte Garcia , on Westlaw, the case is incorrectly styled Ex parte Osvaldo .