**Opinion filed July 11, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00122-CR
_____

## EX PARTE JOSE ANAYA

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR28308-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Jose Anaya, appeals from the denial of his application for writ of habeas corpus. We affirm.

Appellant seeks habeas corpus relief from a 2003 order of deferred adjudication that was entered after he pleaded guilty to the second-degree felony offense of delivery of a controlled substance (cocaine). Pursuant to the terms of the 2003 plea agreement, the trial court deferred the adjudication of Appellant's guilt, placed him on community supervision for a term of five years, and imposed a fine of $1,000. As a result of his plea, Appellant was subject to mandatory deportation and was deported. *See* 8 U.S.C. §§ 1101(a)(48)(A), 1227(a)(2)(B)(i).

Over fifteen years later, Appellant filed an application for writ of habeas corpus relief pursuant to Article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Appellant asserted in his application that he received ineffective assistance of counsel with respect to the advice of his counsel regarding deportation and that, if his attorney had properly advised him of the consequences of his plea, he would have gone to trial and would not have pleaded guilty. Appellant indicated that his counsel had told him that he would not be deported and that his guilty plea would not affect his immigration status. Appellant asserted in his application that the reason for the delay in filing his application was that he "had no legal remedy" prior to the decisions in *Lee v. United States*, 137 S.Ct. 1958 (2017), and *Ex parte Garcia*, 547 S.W.3d 228 (Tex. Crim. App. 2018). The State filed an answer in which it asserted, among other things, that laches barred Appellant's claims.

The trial court did not request any affidavits or conduct a hearing on the matter. *See* CRIM. PROC. art. 11.072, § 6(b). The trial court entered an order in which it adopted the State's proposed findings of fact and conclusions of law and denied the habeas corpus relief sought by Appellant. *See id.* art. 11.072, § 7(a). The findings of fact include the following:

1. The Court finds that the instant habeas application was filed on November 19, 2018 over fifteen (15) years after the applicant was placed on deferred adjudication, and over thirteen (13) years after the State moved to adjudicate the applicant's guilt.

2. The Court finds that the applicant was represented during the plea process by Gary Hill.

3. The Court finds that the applicant is claiming that his plea is involuntary due to affirmative misadvice received from his trial counsel, Gary Hill.

4. The Court finds that Gary Hill passed away on March 23, 2017.

5. The Court finds that due to the death of Mr. Hill, the State is unable to challenge the allegations that the applicant was misadvised on the consequences of his plea.

. . . .

12. The Court finds that the State has been prejudiced because of the applicant's unreasonable delay in the filing of the instant application for habeas relief.

The trial court concluded that the doctrine of laches was applicable because the State established that it was harmed by Appellant's failure to use reasonable diligence in his pursuit of habeas relief.

Appellant presents two issues on appeal. He asserts in both issues that the trial court erred when it denied his application for writ of habeas corpus. The first issue relates to laches. The second issue relates to the assistance of counsel and counsel's allegedly misadvising Appellant on the deportation consequences of his plea.

When an application for writ of habeas corpus is filed pursuant to Article 11.072, the trial court is the sole factfinder. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016) (citing *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013)). The court of appeals must view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). An applicant who seeks habeas corpus relief based upon an involuntary guilty plea has the burden to prove his claim by a preponderance of the evidence. *Id.* "An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim." *Id.* (citing *Ex parte Young*, 479 S.W.2d 45, 46 (Tex. Crim. App. 1972)).

Laches is a question of fact. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). A laches inquiry is to be considered on a case-by-case basis. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Courts should consider,

3

among other things, the length of the delay in requesting habeas corpus relief, the reasons for the delay, and the degree and type of prejudice borne by the State resulting from the delay. *Id.* at 666–67. "[T]he longer an applicant delays filing his application, and particularly when an applicant delays filing for much more than five years after conclusion of direct appeals, the less evidence the State must put forth in order to demonstrate prejudice." *Ex parte Perez*, 398 S.W.3d 206, 217–18 (Tex. Crim. App. 2013). A habeas applicant's "delay may be excused when the record shows that (1) an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect; (2) the State would not be materially prejudiced as a result of the delay; or (3) the applicant is entitled to equitable relief for other compelling reasons, such as new evidence that shows he is actually innocent of the offense." *Smith*, 444 S.W.3d at 667 (citing *Perez*, 398 S.W.3d at 218).

Appellant argues in his first issue that the State failed to present any evidence in support of its equitable defense of laches. Appellant specifically asserts that the State did not present any evidence of Hill's death and, thus, failed to show that the State was prejudiced by Appellant's delay. Appellant, however, noted in his own verified application for writ of habeas corpus that, "[u]pon information and belief, Gary Hill is deceased." In its answer, the State asserted that Hill died on March 23, 2017. We are of the opinion that Appellant's admission of Hill's death, as reflected in Appellant's verified habeas application, obviated any need for the State to provide independent proof of Hill's death. In its answer, the State asserted that Hill's death prejudiced the State's ability to respond to Appellant's allegation that he was misadvised by Hill regarding the deportation consequences of Appellant's guilty plea. It was well within the trial court's discretion to find that Hill's death negatively affected the State's ability to rebut Appellant's allegation that Hill had misadvised Appellant. We agree with the trial court that, under the circumstances in this case

(which include Appellant's fifteen-year delay in requesting habeas corpus relief, the reasons given for the delay, and the degree and type of prejudice to the State as a result of the delay), the State met its burden under the doctrine of laches. *See id.* at 666–67.

Accordingly, we overrule Appellant's first issue on appeal. Because this court's ruling on Appellant's first issue is dispositive of this appeal, we need not address Appellant's second issue. *See* TEX. R. APP. P. 47.1.

We affirm the order of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

July 11, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.