

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00445-CR

EX PARTE JAVIER ORDONEZ, APPELLANT

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 3754-W2, Honorable Ron Enns, Presiding

October 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Javier Ordonez, appeals from the habeas court's denial of his application for writ of habeas corpus. Appellant contends that his 2005 guilty plea for possession of a controlled substance was involuntary because his attorney affirmatively misadvised him of the immigration consequences of his plea. We affirm the order of the habeas court.

## Background

In November of 2005, pursuant to an agreed punishment recommendation, appellant entered a plea of guilty to the offense of possession of a controlled substance, cocaine, in an amount of less than one gram. The offense is a state jail felony.[1]

Appellant is a citizen of Mexico and was formerly a lawful permanent resident of the United States. At the time of his plea, he received a Plea of Guilty, Waiver, Stipulation and Judicial Confession, written admonishments that explained, among other things, "I understand that if I am not a citizen of the United States that my plea may result in deportation, the exclusion of admission to this country, or denial of naturalization under federal law." Appellant signed the document, acknowledging that he understood the admonitions of the court and was aware of the consequences of his plea. Appellant's trial counsel also signed, indicating that he had consulted with appellant and that appellant was aware of the consequences of his plea. During the hearing, the trial court asked appellant if he understood everything in the document, was aware of the consequences of his plea, had an opportunity to have the entire plea document translated,[2] and had all his questions answered. Appellant answered affirmatively to these questions from the trial court. Appellant then testified that he reviewed the plea documents with his attorney before the hearing, that an interpreter had translated the documents for him, and that he did not have questions about them.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017).

[2] The record reflects that an interpreter was provided for appellant in the trial court proceedings.

The trial court entered an order deferring adjudication of guilt and placed appellant on community supervision for a period of three years. In December of 2008, appellant was successfully discharged from community supervision.

In March of 2014, when appellant was returning to Texas from a vacation abroad with his wife, he was arrested by immigration officials at Houston's George Bush Intercontinental Airport. Because of his guilty plea and the deferred adjudication order for the 2005 offense, appellant was subject to deportation. He was deported to Mexico on May 7, 2014. His wife and four children, all of whom are U.S. citizens, have since moved from Texas to join him there.

Appellant filed an application for writ of habeas corpus in September of 2018. He asserted that he received ineffective assistance of counsel because his attorney affirmatively misadvised him of the immigration consequences of his guilty plea and that he suffered prejudice as a result. Specifically, appellant's trial attorney restated the admonition in the written admonishments—which explained that appellant's plea of guilty *may* result in his deportation—when in fact the plea resulted in his mandatory deportation under federal immigration law. Appellant argues that his plea was not "intelligent and voluntary" because he was unaware that a plea of guilty would subject him to deportation from the United States.

Appellant's application came on for hearing on November 28, 2018. The habeas judge was the same trial judge who accepted appellant's guilty plea in 2005. No witnesses testified at the hearing, but the habeas court received into evidence exhibits

3

attached to appellant's application and the State's answer thereto. The evidence included an affidavit from appellant, in which he averred:

> I pleaded guilty because I thought I would only get probation. As a result of pleading guilty, I got deported. I simply signed the papers where [my attorney] told me to sign. He told me there was a portion on the plea agreement that stated that if I am not a citizen of the United States that my plea might result in my deportation but this was in all plea agreements and so I did not worry about it. I was going to get deferred adjudication and the case would be dismissed after I completed probation. So I didn't worry about being deported. I didn't have any problems until I was arrested by immigration at the Houston airport in 2014.

The habeas court denied the application and appellant timely appealed. Because the habeas court did not enter findings of fact and conclusions of law, this Court granted appellant's motion to abate the appeal for the filing of findings of fact and conclusions of law. The habeas court subsequently entered its findings and conclusions, which stated that the case records "show a conviction in due form and in accordance with the laws of the State of Texas in effect at the time of said proceedings." The habeas court concluded that appellant's "allegations of ineffectiveness are groundless."

## Standard of Review

Generally, we review a habeas court's decision on an application for writ of habeas under an abuse of discretion standard. *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd). A court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. *Id.* In reviewing the habeas court's ruling on a

4

habeas corpus application, we must review the record evidence in the light most favorable to the ruling, and we must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We decide whether a court abused its discretion by determining whether the court acted arbitrarily or unreasonably, that is, without reference to any guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993) (en banc). The judge of the habeas court is the factfinder in habeas corpus proceedings and we afford the utmost deference to the judge's determination of the facts that are supported by the record. *Ex parte Colson*, No. 07-16-00447-CR, 2017 Tex. App. LEXIS 9240, at *4 (Tex. App.—Amarillo Sept. 29, 2017, no pet.) (mem. op., not designated for publication).

## Law and Analysis

In his sole issue on appeal, appellant asserts that he received ineffective assistance of counsel prior to pleading guilty and that the district court abused its discretion in denying habeas relief for that reason. The Sixth Amendment to the U.S. Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The proper standard for attorney performance is "reasonably effective" assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's advice can be so deficient that it renders a guilty plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (en banc).

To demonstrate his plea was involuntary because of ineffective assistance, appellant must prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced him by causing him to give up his right to a trial. *Strickland*, 466 U.S. at 687; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Under the first prong of the test, appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. The reasonableness of counsel's performance is judged under prevailing professional norms. *Id.* at 688. This court's review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id.* at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In *Padilla v. Kentucky*, the Supreme Court held that, for purposes of the Sixth Amendment right to effective assistance of counsel, "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). However, both the United States Supreme Court and the Texas Court of Criminal Appeals have determined that the rule announced in *Padilla* in 2010 does not apply retroactively, so it does not apply to appellant's 2005 proceeding. *See Chaidez v. United States,* 568 U.S. 342, 344, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

But in this case, appellant's specific complaint on appeal is not that his trial counsel failed to advise him of a risk of deportation. Instead, he asserts that his trial counsel misadvised him that his plea of guilty "may" have adverse immigration consequences. This advice was wrong, appellant contends, because under federal law, "Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation

6

of a State, the United States, or a foreign country relating to a controlled substance . . . is deportable." 8 U.S.C. § 1227(a)(2)(B)(i) (2012).[3] Deferred adjudication constitutes a "conviction" under federal immigration law. 8 U.S.C. § 1101(a)(48)(A) (2012). Additionally, "any alien convicted of, or who admits having committed . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is inadmissible" to the United States. 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2012).

Appellant asserts that "[t]ruthful immigration advice was certain deportation." He maintains that his claim therefore falls within the "affirmative misadvice" category of cases discussed in *Ex parte Garcia*, 547 S.W.3d 228, 229-30 (Tex. Crim. App. 2018) (citing *Lee v. United States*, 137 S. Ct. 1958, 1962, 198 L. Ed. 2d 476 (2017)). In *Garcia*, the Court of Criminal Appeals explained that an affirmative misadvice claim, where an attorney is under no duty to render immigration-consequence advice but renders incorrect advice to the client, is cognizable and differs from *Padilla*'s imposition of an affirmative duty to advise a client of the immigration consequences of a plea in certain cases. *Id.* at 230. Such claims are therefore "more akin to bad-probation advice claims and bad parole-eligibility claims," according to the Court. *Id.*

We recognize that, under *Garcia*, affirmative misadvice regarding immigration consequences can give rise to a claim of ineffective assistance of counsel. The facts of this case, however, are distinguishable from *Garcia*. In *Garcia*, when the defendant asked his attorney about potential adverse immigration consequences, his attorney told him that

---

[3] Appellant was ineligible to apply for discretionary relief from deportation because he had not lawfully resided in the United States for the requisite number of years prior to the date of the commission of the offense. *See* 8 U.S.C. § 1229b(a)(1) (2012).

he "would probably be okay" and "the charge would probably not result in deportation." *Id.* at 228-29. In short, Garcia's trial counsel indicated that Garcia's immigration status was not a matter of concern.

Here, on the other hand, appellant's trial counsel did not suggest that appellant had no cause for concern. Instead, he correctly advised him that his guilty plea carried a risk of deportation. Appellant's trial counsel testified in an affidavit that he discussed the case "fully" with appellant and explained to appellant the portion of the paperwork that states, "I understand that if I am not a citizen of the United States that my plea may result in deportation, the exclusion of admission to this country, or denial of naturalization under federal law." Trial counsel added, "I did not give [appellant] any advice on immigration issues other than this provision. I certainly did not tell him such consequences could be ignored."

The record reflects that appellant informed the trial court that he understood the consequences of his plea. There is no indication that appellant sought any additional information or clarification regarding the immigration-related admonishments.

Although appellant's trial counsel did not inform him that his deportation was a certainty, as appellant suggests he should have, he did advise appellant that deportation was a potential consequence of his plea. This advice was correct. Appellant's plea of guilty was made with the knowledge that there was a possibility of an adverse effect on his immigration status.

In its findings of fact and conclusions of law, the habeas court determined that appellant's allegations of ineffective assistance were groundless. We cannot conclude

on this record that the habeas court abused its discretion in determining that appellant's trial counsel rendered reasonably competent assistance when he informed him that his plea carried a risk of deportation.

Prejudice

Because he has not met his burden to establish deficient performance, we do not reach the question of whether appellant has shown he was prejudiced. *See Strickland*, 466 U.S. at 697.

Conclusion

We affirm the habeas court's order denying relief on appellant's application for writ of habeas corpus.

Judy C. Parker
Justice

Do not publish.