**AFFIRMED and Opinion Filed December 22, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01340-CR

## EX PARTE CARLOS MALDONADO

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX19-00005-Q**

## MEMORANDUM OPINION

Before Chief Justice Burns[1] and Justices Pedersen, III, and Evans
Opinion by Justice Evans

Carlos Maldonado appeals the trial court's order denying relief on his post-conviction application for writ of habeas corpus. In two issues, appellant contends the trial court improperly applied legal standards in determining whether his guilty plea was entered knowingly and contends he received ineffective assistance of counsel. For the reasons that follow, we affirm the trial court's order.

---

[1] The Honorable David L. Bridges, Justice, participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. Chief Justice Robert Burns has substituted for Justice Bridges in this cause.

## BACKGROUND

Appellant is a Honduran immigrant who has lived in the United States since 2004. In 2006, appellant was charged with possession of cocaine in an amount less than one gram. Trial counsel was appointed to represent appellant in connection with the charge. The number of meetings between appellant and trial counsel and the advice trial counsel gave appellant are disputed matters.

In 2007, appellant entered a negotiated plea of guilty before a magistrate who made findings that appellant had appeared with counsel, waived a jury trial, and was duly admonished about the consequences of his plea. The magistrate concluded appellant entered his plea freely and voluntarily and recommended the trial court follow the plea bargain agreement which called for appellant to be placed on deferred adjudication community supervision for two years and be fined $1,500.

The plea bargain agreement contains admonishments advising appellant that if he is not a United States citizen, his guilty plea "may, and under current Federal Immigration rules is *almost certain* to, result in your deportation, exclusion from admission to the United States, or denial of naturalization." (Emphasis in original). The plea bargain also contains appellant's acknowledgment that he understands that if he is not a citizen, his guilty plea "will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law." Appellant further represents that he had read and understands the admonitions and warnings about his rights and his plea and assures

the trial court that his "statements and waivers are knowingly, freely and voluntarily made with full understanding of the consequences."

The trial court adopted the magistrate's findings, conclusions, and recommendations. The trial court entered an order assessing the agreed period of deferred adjudication community supervision. Appellant was never adjudicated guilty. In 2012, the trial court discharged him "unsuccessfully" from community supervision.

*Habeas Proceedings in the Trial Court*

On January 11, 2019, appellant filed an application for writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure. In his writ application, appellant contended he received ineffective assistance of counsel and his guilty plea was entered involuntarily. Specifically, appellant contended trial counsel misadvised him that his guilty plea would not result in deportation from the United States, he did not comprehend the plea papers he signed because he cannot read the English language, and trial counsel did not translate the plea papers into Spanish and explain them to him. Appellant supported his writ application with his own affidavit, an affidavit from trial counsel, and documents from his plea proceeding.

Appellant's affidavit relates that he and trial counsel had only one brief meeting, outside the courtroom, during which he signed a paper written in English that he did not understand and trial counsel did not explain to him in Spanish. Appellant states he never saw a judge. Later, trial counsel informed him he was on

probation and this was a good result because he would not have to go to jail. When he asked trial counsel if he would have any immigration problems arising from the plea, trial counsel assured him he would not. Appellant avers he learned only afterward that he had pleaded guilty to possession of cocaine. Appellant avers he is now in removal proceedings and faces deportation.

Appellant states he would have chosen to proceed to trial if trial counsel had explained the plea papers to him and had not misadvised him that he would not have any immigration issues arising from the plea. Appellant avers he is innocent, did not possess any cocaine, and does not know why he was arrested. Appellant relates that he has lived in the United States for fourteen years, his child was born in the United States, and his family depends on him for support. Appellant's affidavit includes a certification by the person who translated his statements into English for preparation of the affidavit.

Trial counsel's affidavit states he does not remember appellant's case and has no records of the case. Trial counsel further avers he has practiced law for forty years, criminal law is his primary area of practice, and that approximately eighty percent of his clients are Hispanic, including many immigrants from Mexico and Central America. He testified, "On every case involving a client that is not an American citizen, I advise them that any criminal conviction can and will result in deportation and/or a denial of any application for Legal Residency or Naturalization." Such advice is his "standard practice without exception" and his

"standard procedure" is to inform every client who is not a United States citizen "that any criminal case could have adverse effects on their immigration status." Although he could not recall appellant's case, counsel averred that he knew to a certainty that he had advised appellant of the repercussions of his guilty plea even though appellant was receiving deferred adjudication.

*The Hearing and Ruling*

During the hearing on his writ application, appellant chose to rely on the affidavits and documents submitted with his application without putting on testimony. The State admitted into evidence the trial court's case file. A reporter's record of the writ hearing has been filed in this appeal.[2]

During argument, appellant argued the presence in the file of a Spanish translation of his conditions of community supervision shows he speaks Spanish and did not understand the plea papers and admonishments. Appellant speculated that it was "very possible" that counsel did not properly advise him because counsel may have believed deferred adjudication did not carry adverse immigration consequences. Appellant pointed out that the plea proceeding occurred before the United States Supreme Court's *Padilla* decision which mandated such advice. The State had pointed out that the file shows appellant was discharged from community

---

[2] State's Exhibit One, consisting of the entire contents of the trial court's file, was not filed into the appellate record with the reporter's record. At the State's request, the district clerk has filed a supplemental clerk's record containing the contents of the trial court's file.

–5–

supervision as "unsuccessful" because he had absconded from supervision two months after he entered his plea and was not apprehended during the term of community supervision. Appellant argued that his failure to abide by the terms of community supervision showed that he did not understand what probation entailed and that he thought his case was over. Appellant argued he was back in court, willing to risk a trial to assert his innocence.

After hearing argument, the trial court stated on the record that it had difficulty accepting the veracity of appellant's affidavit because it contradicted the evidence in the court's file. The trial court pointed out that while appellant stated he had met with counsel only once, the record showed someone had appeared in court four times with counsel before appellant had entered his plea and had signed appellant's name to documents using a similar signature to appellant's signature on the plea papers. The record contains four pass slips that support the trial court's statement. The trial court further stated that trial counsel's affidavit was "entirely contrary" to appellant's allegations. The trial court thought the presence of the Spanish version of the probation conditions showed appellant had no difficulty communicating in Spanish during the plea proceedings. The trial court stated that appellant's habeas counsel had been given the opportunity to inquire whether a reporter's record of the plea proceedings was available. The trial court observed that if appellant had requested a reporter's record, if available, then the court would be able to determine whether an interpreter was used at the plea hearing and make an assessment of

whether the plea was voluntary. As the record stood, the trial court concluded that "all the information that I have is contrary to the information provided in the applicant's application."

The trial court denied relief and it adopted the State's proposed findings of fact and conclusions of law.[3] Among the trial court's findings, the trial court found trial counsel had made four court appearances on appellant's behalf. The trial court also found appellant had failed to complete community supervision because he had not reported to his community supervision officer. The trial court found it had issued an arrest warrant for appellant on October 1, 2008 and dismissed the case against appellant on March 16, 2012 after appellant's counsel informed the trial court that appellant was in jail in Maine. The trial court found appellant had declined an opportunity to postpone the hearing to allow him to obtain a reporter's record of his plea hearing from the court reporter. The trial court found appellant's assertions in his affidavit are in direct conflict with appellant's attestations in his plea agreement, the trial court's written admonishments, the magistrate's findings, and the affidavit of trial counsel.

The trial court further found appellant's attestations in his affidavit were self-serving and not credible. In contrast, the trial court found trial counsel's attestation that he advises every client who is not an American citizen of the adverse

---

[3] The order adopting the State's proposed findings of fact and conclusions of law was signed by a senior judge sitting by assignment.

–7–

immigration consequences of a guilty plea was credible. The trial court found appellant's claim that trial counsel had not advised him properly of the consequences of his plea lacks merit. The trial court found appellant had failed to prove the first prong of the required *Strickland* test to show ineffective assistance of counsel, had failed to overcome the strong presumption that trial counsel rendered effective assistance, found the trial court had properly admonished appellant, and the evidence presented at the plea hearing was sufficient to support the judgment.

The trial court concluded appellant had received reasonably effective assistance of counsel, he had entered his plea freely and voluntarily, and he had not been denied any constitutional rights. This appeal followed.

## DISCUSSION

### Standard of Review

In reviewing the trial court's ruling on a habeas claim, we review the record evidence in the light most favorable to the trial court's ruling and must uphold the trial court's ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016).

Applicants for post-conviction habeas corpus relief bear the burden of proving their claims by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). When the underlying conviction results in community

–8–

supervision, an ensuing post-conviction writ must be brought pursuant to article 11.072 of the code of criminal procedure. *Id.* at 42. In reviewing an appeal arising from an 11.072 writ application, the appellate courts have less leeway to disregard the trial court's factual findings. *Id.* The trial court is the sole finder of fact, and "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Id.* We defer to the trial court's fact findings supported by the record even when such findings are based on affidavits rather than live testimony. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). If, however, the trial court's determinations are questions of law, or mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we review them *de novo*. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014).

*Application of Legal Standards to Determine Voluntariness of the Plea*

In his first issue, appellant contends the trial court improperly applied the legal standards in finding he entered his guilty plea knowingly and voluntarily.

A guilty plea must be voluntary and "a knowing, intelligent act done with sufficient awareness of the relevant circumstances and the likely consequences." *Brady v. U.S.*, 397 U.S. 742, 748 (1970). The defendant entering the plea must be "fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Id.* at 755.

–9–

"A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). To overcome the prima facie showing, the defendant bears the burden to show he or she did not fully understand the consequences of the plea and suffered harm. *Id.* Defendants who have attested to the voluntariness of their pleas during the initial plea hearings bear a heavy burden to prove their pleas were involuntary in subsequent proceedings. *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Appellant contends his plea was not entered knowingly and voluntarily because the record is "devoid of any evidence that [he] received any Spanish-language assistance." Appellant contends trial counsel's affidavit does not state whether trial counsel speaks Spanish or hired an interpreter to translate his advice into Spanish for appellant. Appellant asserts trial counsel failed to advise him or explain the plea papers in Spanish. Appellant contends the trial court's fact finding that he received his probation conditions in Spanish is irrelevant and does not support a conclusion that he received any assistance in understanding his plea; instead, he contends it supports his contention that he did not receive a Spanish translation of the plea papers. Without evidence that he received assistance in Spanish, appellant contends the trial court could not have concluded he entered his plea voluntarily.

Appellant discounts the trial court's findings that he had the opportunity to obtain a reporter's record of his plea hearing and that such a record would show whether or not he received Spanish language assistance in understanding the plea proceedings. Appellant contends his affidavit, attesting to the absence of any Spanish language assistance and translations of the plea papers, should prevail in the absence of other evidence. Finally, appellant contends the absence of legal assistance in Spanish harmed him in that he entered his plea without understanding that he would be deported. Appellant points out that he had lived in this country for fourteen years, his family lives here, and he asserts he would not have entered a guilty plea if he had understood the deportation consequences of his plea.

In response, the State points out appellant failed to call any witnesses, declined the opportunity to obtain a reporter's record of his plea hearing, and relied only upon his affidavit to establish that he did not understand the plea hearings. Because the trial court found appellant's affidavit not credible, the State contends appellant failed to meet his burden of proof to show he entered an involuntary plea. We agree with the State.

The record shows appellant entered a guilty plea before the trial court and signed documents attesting to the voluntariness of his plea. The magistrate made a finding, adopted by the trial court that appellant had been duly admonished. Under such circumstances, a prima facie showing exists that appellant's plea was voluntary. *See Martinez*, 981 S.W.2d at 197. Moreover, the order of deferred adjudication

–11–

contains recitals that appellant was admonished as required by law and it appeared appellant entered his plea freely and voluntarily and was aware of the consequences of his plea. A judgment's recitals are binding in the absence of direct proof of their falsity. *Guerrero*, 400 S.W.3d at 583. A habeas applicant attacking the voluntariness of his plea bears the burden of defeating the ordinary presumption of the correctness of the recitals in the judgment. *Id.*

Against such presumptions, appellant offers little evidence to support his claims. The trial court expressly found the attestations in appellant's affidavit "to be self-serving and not credible." We are bound by the trial court's fact finding on appellant's credibility. *See Torres*, 483 S.W.3d at 42.

Appellant's argument that the absence of evidence in the record should be resolved in his favor misplaces the burden of proof he bears to show his plea was involuntary. Appellant "has the burden to properly initiate the completion of a record sufficient to illustrate reversible error." *Perez v. State*, 261 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). When we cannot adequately address an issue because the issue involves matters missing from the record due to appellant's failure to request or pay for the record, appellant effectively waives appellate review of the affected issue. *Id.*; *see also Houston*, 201 S.W.3d at 218 (defendant who waives right to have court reporter record plea proceedings and subsequently challenges voluntariness of plea nevertheless retains burden to ensure sufficient record is presented to establish error); *Collins v. State*, No. 05-18-00498-

–12–

CR, 2019 WL 2648168, at *2 (Tex. App.—Dallas June 27, 2019, pet. ref'd) (mem. op., not designated for publication) (When appellant fails to file reporter's record necessary for appellate review, presumption arises that omitted reporter's record would support trial court's judgment).

As the trial court stated on the record, a reporter's record of the plea hearing would show what translation services were provided to appellant when he entered his plea. By declining the trial court's offer to allow him to determine whether he could obtain the reporter's record of the plea, appellant failed to submit a sufficient record to review his first issue. *See Perez*, 261 S.W.3d at 764.

Likewise, the fact that trial counsel's affidavit, submitted by appellant, does not reveal whether trial counsel can speak Spanish is not evidence supporting appellant's claims. Appellant could have called trial counsel to testify about his ability to speak Spanish, but he failed to present such testimony. Trial counsel's affidavit shows eighty percent of trial counsel's practice is representing Hispanics, including many immigrants from Mexico and Central America. It would be reasonable for the trial court to infer that trial counsel can speak Spanish well enough to communicate with his Spanish-speaking clients. Moreover, in his own affidavit, appellant avers that counsel told him he had been given probation and would not suffer immigration consequences as a result of his plea, thus admitting that trial counsel was able to communicate with him.

The Spanish language translation of appellant's conditions of community supervision and a requirement that he attend English language classes as a condition of community supervision is evidence that the trial court was aware appellant did not speak English and was accommodating his need for Spanish-language assistance.

Viewed in the light most favorable to the trial court's findings, the evidence shows appellant signed plea papers indicating he understood his plea and was making it voluntarily. In the absence of a reporter's record that would establish definitively what translation services appellant received during the plea hearing, the preponderance of the available credible evidence does not support appellant's contention. We overrule appellant's first issue.

*Ineffective Assistance of Counsel*

In his second issue, appellant contends trial counsel rendered ineffective assistance thus rendering his guilty plea involuntary.

A habeas applicant claiming the applicant entered an involuntary guilty plea due to ineffective assistance of counsel must satisfy the two-pronged *Strickland* standard. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Torres*, 483 S.W.3d at 43; *see also Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). The first prong requires the applicant to show counsel's performance was deficient in that it failed to meet an objective standard of reasonableness under prevailing professional norms. *Ex parte Bowman*, 533 S.W.3d 337, 349–50 (Tex. Crim. App. 2017); *see also*

–14–

*Strickland*, 466 U.S. at 687–88. In evaluating counsel's performance under the first prong, we assess the reasonableness of counsel's performance under the circumstances of the particular case viewed at the time counsel rendered assistance. *Bowman*, 533 S.W.3d at 350. We presume counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 690). Counsel's deficient performance must be affirmatively demonstrated on the record and not require retrospective speculation. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We judge the totality of trial counsel's representation rather than focusing narrowly on isolated acts or omissions, and the performance must be evaluated from counsel's viewpoint at the time of representation and not with the benefit of hindsight. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012).

The second prong requires the applicant to show counsel's deficient performance affected the plea process thus causing the applicant to suffer prejudice. *Hill*, 474 U.S. at 59; *Torres*, 483 S.W.3d at 43. An applicant meets the prejudice prong by showing a reasonable probability exists that, but for counsel's deficient performance, the applicant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Hill*, 474 U.S. at 59; *Torres*, 483 S.W.3d at 43. In evaluating the evidence of appellant's decision making regarding his plea, "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.

–15–

Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. U.S.*, 137 S. Ct. 1958, 1967 (2017).

The applicant's claim fails unless the applicant proves both prongs of the *Strickland* standard by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Failure to prove either prong defeats a claim of ineffective assistance. *Id.*

*Deportation Advice*

Under federal law, an alien convicted of a drug offense, other than possession of a relatively small amount of marijuana, is deportable. *See* 8 U.S.C.A. § 1227(a)(2)(B)(i). Placement on deferred adjudication in Texas is considered a conviction for purposes of federal immigration law. *See Moosa v. I.N.S.*, 171 F.3d 994, 1005–06 (5th Cir. 1999); *Guerrero*, 400 S.W.3d at 588 & n.52; *see also* 8 U.S.C.A. § 1101(a)(48)(A).

In 2010, the Supreme Court decided *Padilla v. Kentucky* and pronounced that the Sixth Amendment right to effective assistance of counsel requires counsel to advise a non-citizen client about potential deportation. *Padilla v. Kentucky*, 559 U.S. 356, 366–67 (2010). When the law is "not succinct and straightforward," counsel must advise the client of the possibility that the plea may carry a risk of adverse immigration consequences. *Id.* at 369; *Torres*, 483 S.W.3d at 44. When, however a client has committed an offense that would trigger mandatory deportation under

federal law, counsel must correctly advise the client that the client faces mandatory deportation. *Padilla*, 559 U.S. at 369; *Torres*, 483 S.W.3d at 44.

After the decision in *Padilla* was announced, it was unclear for a period of time whether *Padilla* would be applied retroactively or would only affect plea advice rendered after *Padilla* was issued. Subsequent decisions made clear that because *Padilla* announced a new rule, its specific advising requirements regarding deportation did not apply to final convictions before *Padilla* was issued, and habeas applicants challenging their pre-*Padilla* pleas could not benefit from its holding. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

Therefore, for cases involving pre-*Padilla* pleas, a habeas applicant may not raise a *Padilla* claim asserting trial counsel rendered constitutionally ineffective assistance by failing to advise the applicant about the deportation consequences of a guilty plea; however, if the record shows counsel advised the applicant about deportation consequences, while under no obligation to do so, the advice rendered must be accurate or it may constitute ineffective assistance. *See Ex parte Garcia*, 547 S.W.3d 228, 229–30 (Tex. Crim. App. 2018).

Although he entered his plea in 2007, appellant contends *Padilla* applies to his case because he was placed upon deferred adjudication and discharged in 2012 without a "final conviction." Because Texas law does not consider placement on deferred adjudication to be a conviction, appellant contends he did not have a final

conviction before *Padilla* was decided and, therefore, *Padilla* should apply to his case.

In *Guerrero*, the court of criminal appeals considered whether *Padilla* should apply retroactively to a defendant facing deportation who had been placed on deferred adjudication and had successfully served out his community supervision. *See Guerrero*, 400 S.W.3d at 587. Because the defendant had served out his term of community supervision, he never had a final conviction under Texas law. *Id*. at 587–88. Noting that Congress had explicitly rejected the notion of treating deferred adjudication as less than a final conviction for purposes of federal immigration law, the court determined the defendant had a "final conviction" for purposes of applying *Padilla* and federal immigration law when he was placed on deferred adjudication in 1998 and thus *Padilla* would not apply retroactively to his case. *Id*. at 588.

Subsequent decisions have followed the reasoning of *Guerrero* and refused to apply *Padilla* retroactively to defendants who entered pleas and received deferred adjudication before *Padilla* despite the defendant not having a final conviction for purposes of Texas law. *See Ex parte Quyen Trung Ly*, 409 S.W.3d 843, 843 n.1 (Tex. App.—Beaumont 2013, no pet.); *see also Ex parte Huerta*, No. 01-14-00644-CR, 2015 WL 545519, at *3–4 & n.4 (Tex. App.—Houston [1st Dist.] Feb. 10, 2015, no pet.) (mem. op., not designated for publication); *Ex parte Carpio-Cruz*, No. 08-10-00240-CR, 2014 WL 5316988, at *3 (Tex. App.—El Paso Oct. 17, 2014, no pet.).

Like the defendant in *Guerrero*, appellant was never adjudicated guilty and thus does not have a "final conviction" under Texas law. However, also like the defendant in *Guerrero*, appellant was "finally convicted" for purposes of applying *Padilla* and federal immigration law at the time he was placed on community supervision in 2007. *See Guerrero*, 400 S.W.3d at 588. Thus, we apply pre-*Padilla* standards to determine whether appellant has shown he received ineffective assistance of counsel. *Id*. at 588; *De Los Reyes*, 392 S.W.3d at 679.

In 2007 when appellant entered his plea, a guilty plea taken in Texas was considered to be voluntary if the defendant was apprised of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). Lack of knowledge of a collateral consequence of the guilty plea, such as the prospect that the guilty plea would result in deportation, was not a basis for overturning a guilty plea as involuntary. *See id*.; *Ex parte Roldan*, 418 S.W.3d 143, 147 (Tex. App.—Houston [14th Dist.] 2013, no pet.). However, if an attorney, although not required to do so, chose to offer advice about deportation consequences of a plea and affirmatively misadvised the client, such incorrect advice could constitute ineffective assistance. *See Garcia*, 547 S.W.3d at 230.

We must presume trial counsel rendered effective assistance unless deficient performance is reflected in the record. *See Bowman*, 533 S.W.3d at 350; *Lopez*, 343 S.W.3d at 142. Noting that counsel does not remember how he advised him, appellant asks us to accept his representation that he was affirmatively misadvised

–19–

that there would be no immigration consequences to his plea. We are bound, however, by the trial court's fact finding that appellant's affidavit is self-serving and not credible. *See Torres*, 483 S.W.3d at 42.

Other than appellant's affidavit, the only evidence in the record reflecting trial counsel's immigration advice to appellant is trial counsel's affidavit. Trial counsel averred that his standard advice, given to all clients who are not citizens, is that the client's criminal conviction "can and will result in deportation." The trial court did not make an express finding that trial counsel's statement was credible, but did make a finding that trial counsel's representation that he advises each client who is not a citizen about the adverse immigration consequences of a guilty plea was credible.

On the record before us, we cannot conclude appellant has shown he received "affirmative misadvice" about the deportation consequences of his plea. Unlike the advice given in *Garcia*, the advice appellant received from trial counsel that he "can and will be deported" is correct. *See Garcia*, 547 S.W.3d at 228–29 (advising client that conviction "would probably not result in deportation" and he "would probably be okay" constituted affirmative misadvice when client faced mandatory removal); *see also Ex parte Ordonez*, No. 07-18-00445-CR, 2019 WL 5382630, at \*3–4 (Tex. App.—Amarillo Oct. 21, 2019, pet. ref'd) (mem. op., not designated for publication) (counsel's pre-*Padilla* advice that defendant facing mandatory deportation "may" be deported was not affirmative misadvice).

We conclude appellant has not shown trial counsel rendered assistance below an objective standard of reasonableness as it existed in 2007. *See Garcia*, 547 S.W.3d at 230; *Jimenez*, 987 S.W.2d at 888; *Roldan*, 418 S.W.3d at 147. Thus, we conclude appellant has not carried his burden to show a violation of the first prong of the *Strickland* standard. *See Torres*, 483 S.W.3d at 44–45.

Because we conclude the trial court did not err in determining appellant could not meet the first *Strickland* prong, we need not consider appellant's arguments regarding the second prong. *See Strickland*, 466 U.S. at 697; *Perez*, 310 S.W.3d at 893. We overrule appellant's second issue.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191340F.U05

–21–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE CARLOS
MALDONADO

No. 05-19-01340-CR

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. WX19-00005-
Q.
Opinion delivered by Justice Evans.
Chief Justice Burns and Justice
Pedersen, III participating.

Based on the Court's opinion of this date, the order denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered December 22, 2020